Order Form (01/2005)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, sr. | Sitting Judge if Other than Assigned Judge | 4-30-13 |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2745 | **DATE** | 4-30-13 |
| **CASE TITLE** | Vernard King (#454199) v. Douglas Barnaby, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted and the initial partial filing fee is waived. The Clerk shall send a copy of this order to the supervisor of inmate trust fund accounts at the LaSalle County Jail to facilitate compliance with the order. However, Plaintiff must submit a proposed amended complaint within 30 days of the date of this order, and Illinois Valley Community Hospital is dismissed as a Defendant. The Clerk shall send Plaintiff an amended civil rights complaint form and Instructions for Submitting Documents, along with a copy of this order. If Plaintiff fails to comply with this order, this case will be dismissed.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, a pre-trial detainee in custody at the LaSalle County Jail, has brought this *pro se* civil rights action pursuant 42 U.S.C. § 1983. Plaintiff sues Douglas Barnaby, an officer of the City of Peru, Illinois, Police Department. He also sues Illinois Valley Community Hospital for alleged violations of Plaintiff's constitutional rights in connection with his arrest. More specifically, Plaintiff alleges that Defendant Barnaby subjected him to excessive force on arrest, beating him. He also alleges that Defendant Barnaby called him a racial epithet and that he ordered the doctors at Illinois Valley Community Hospital to drug Plaintiff without his consent. He further alleges that Defendant Barnaby threatened to kill him if he did not confess to committing a bank robbery.

Plaintiff's motion for leave to proceed in forma pauperis is granted and his initial partial filing fee is waived.. According to the statement submitted with his in forma pauperis application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The inmate trust account office at LaSalle County Jail shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

However, Plaintiff must submit an amended complaint. Rule 8(a) of the Federal Rules of Civil Procedure requires the complaint to contain: (1) a short and plain statement of the basis for the court's jurisdiction; (2) a short and plain statement of the plaintiff's basic claims, and (3) a demand for the relief sought. . Plaintiff's claim must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), Plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (2004). Plaintiff has alleged various actions by Defendant Barnaby that may have been in violation of Plaintiff's rights. However, he gives no indication of when and where the events took place.

Additionally, Plaintiff includes allegations that fail to state a claim. For instance, Plaintiff alleges that Defendant Barnaby called him a racial epithet. However, verbal harassment and name calling do not violate the constitution. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). While unfortunate, and certainly unprofessional, such language does not violate the constitution. Accordingly, this claim fails.

Further, Plaintiff names Illinois Valley Community Hospital as a Defendant. However, to state a claim pursuant to 42 U.S.C. § 1983, Plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of law and (2) the conduct deprived him of a right secured by the Constitution or laws of the United States. *See Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007); *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). Two circumstances have been recognized by the Court in which a Defendant may be found to act under color of state law. First, when the state has cloaked the Defendant in some degree of authority, normally through employment or some other agency relationship. *See Case*, 327 F.3d at 567. The second, when the Defendant has conspired or acted in concert with state officials to deprive a person of his civil rights. *See Case*, 327 F.3d at 567. As Illinois Valley Community Hospital is a not-for profit, privately owned hospital, and not a state actor, it is not a proper Defendant.

For the foregoing reasons, the Court dismisses Plaintiff's complaint without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint on the Court's amended civil rights complaint form, assuming he can articulate a viable claim. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Clerk of Court. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the prior pleadings. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed, on the understanding that Plaintiff does not choose to pursue his claims in federal court.