# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2745 | **DATE** | 7-1-13 |
| **CASE TITLE** | Vernard King (#454199) v. Douglas Barnaby, et al. | | |

**DOCKET ENTRY TEXT:**

On April 30, 2013, Plaintiff was ordered to submit a proposed amended complaint within thirty days and Plaintiff has complied. On initial review pursuant to 28 U.S.C. § 1915A, the Court finds that Plaintiff has stated a claim against Defendants such that they must respond to Plaintiff's complaint. The Clerk is ordered to issue summonses as to Defendants Bernabe and Davis and the U.S. Marshal is directed to serve them. The Clerk is further directed to amend the caption of the complaint to add Kenton Davis as a Defendant and to send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for attorney representation [#4] is denied without prejudice.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, a pre-trial detainee in custody at the LaSalle County Jail, has brought this *pro se* civil rights action pursuant 42 U.S.C. § 1983. Plaintiff sues Douglas Bernabe, the Chief of Police of the City of Peru, Illinois, Police Department. He also sues Illinois Valley Community Hospital and its administrator, Kelton Davis for alleged violations of Plaintiff's constitutional rights in connection with his arrest. More specifically, Plaintiff alleges that on August 22, 2012, Defendant Bernabe subjected him to excessive force on arrest, beating him, causing injury to his face. He also alleges that the Kelton Davis, an employee at Illinois Valley Community Hospital drugged him without his consent on orders from Defendant Bernabe. He further alleges that Defendant Bernabe threatened to kill him.

On April 30, 2013, the Court ordered Plaintiff to submit a proposed amended complaint, dismissing Illinois Valley Community Hospital as a Defendant. Plaintiff has submitted the proposed amended complaint as ordered, and the Court finds that on initial review pursuant to 28 U.S.C. § 1915A, Plaintiff has stated a claim for excessive force on arrest. *Acevedo v. Canterbury*, 457 F.3d 721, 724 (7th Cir. 2006).

Additionally, as the Court instructed Plaintiff in its April 30, 2013, order, in order to state a claim pursuant to 42 U.S.C. § 1983, Plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of law and (2) the conduct deprived him of a right secured by the Constitution or laws of the United States. *See Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007); *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). Two circumstances have been recognized by the Court in which a Defendant may be found to act under color of state law. First, when the state has cloaked the Defendant in some degree of authority, normally through employment or some other agency relationship. *See Case*, 327 F.3d at 567. The second, when the Defendant has conspired or acted in concert with state officials to deprive a person of his civil rights. *See Case*, 327 F.3d at 567. While Illinois Valley Community Hospital is a not-for profit, privately owned hospital, and not a state actor, and Plaintiff pleads that Kenton Davis is an employee of the hospital, based on the facts alleged, and giving the Plaintiff the benefit of the doubt as it must on initial review, Plaintiff has also stated a claim against Kenton Davis. *See Washington v. Harper*, 494 U.S. 210, 221 (1990).

**(CONTINUED)**

AWL

## STATEMENT (continued)

The Clerk shall issue summonses for service of the amended complaint on Defendants Bernabe and Davis (hereinafter, "Defendants"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the City of Peru, Illinois Police Department or Illinois Valley Community Hospital shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff has filed a motion for attorney representation. The motion is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, No. 12-1182, --- F.3d ---, 2013 WL 2321349, at *3 (7th Cir. May 29, 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). If so, the court must examine "whether the difficulty of the case--factually and legally--exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 2013 WL at     *    (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id.*

After considering the above factors, the Court concludes that the solicitation of counsel is not warranted in this case. First, Plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. Plaintiff merely pleads that he contacted Sidley and Austin and that he is in prison without resources. Second, the amended complaint sets forth cognizable claims and Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Because Plaintiff has submitted an amended complaint that survived initial review pursuant to 28 U.S.C. § 1915A, he appears more than capable of litigating this matter. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for attorney representation is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.