UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VERNARD KING (#45211-424), | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 13 C 2745 |
| v. | ) |
| | ) Judge Charles R. Norgle, Sr. |
| DOUGLAS BERNABEI, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Vernard King, presently in custody at the Metropolitan Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that the Defendant Douglas Bernabei, Chief of Police for the City of Peru, Illinois, violated his rights by subjecting him to excessive force on arrest, beating him and causing injury to Plaintiff's face. Plaintiff also alleges that Defendant Bernabei threatened to kill him. Plaintiff further alleges that Defendant Dr. David Kelton, mistakenly identified in the complaint as Kenton Davis, medicated Plaintiff against his will on orders from Defendant Bernabei.

Presently before the Court is Defendant Bernabei's motion to dismiss Plaintiff's amended complaint for failure to state a claim against him [#13]. In his motion, Defendant Bernabei argues that Plaintiff has mistakenly made his claim pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Defendant Bernabei also argues that Plaintiff has failed to state a claim for conspiracy as to the alleged conduct of Defendants Bernabei and Kelton. Finally, Defendant Bernabei argues that Plaintiff's allegation that Defendant Bernabei threatened to kill him should be stricken from the complaint.

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a

complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a complaint must contain sufficient factual content "to allow the court 'to draw a reasonable inference that the defendant is liable for the misconduct alleged.'" *Charleston v. Board of Trs. of Univ. of Ill. at Chicago*, 741 F.3d 769, 772 (7th Cir. 2013) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013).

## BACKGROUND

Plaintiff alleges the following facts in his complaint, which are accepted as true for purposes of the motion to dismiss. Plaintiff is presently incarcerated at the Metropolitan Correctional Center in Chicago, Illinois. On or about May 22, 2012, Defendant Berabeiarrested Plaintiff in LaSalle, Illinois.. During the arrest, Plaintiff alleges, Defendant Bernabei beat him, injuring Plaintiff's face. Defendant Bernabei also threatened to kill Plaintiff.

After the arrest and alleged injury, Plaintiff was transported to Illinois Valley Community Hospital, where Defendant Dr. David Kelton, mistakenly identified in the complaint as Kenton Davis, medicated Plaintiff against Plaintiff's will. Plaintiff alleges that Defendant Kelton medicated him on orders from Defendant Bernabei.

## ANALYSIS

**While *Bivens* does not apply, Plaintiff may puruse his claims under § 1983.**

Defendant's first argument in his motion to dismiss is that Plaintiff mistakenly makes his claims under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). It is well established that § 1983 applies to actions taken under color of state law and thus claims based on conduct by federal employees in the course of their employment must be brought pursuant to *Bivens*. *See, e.g., District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973). Thus, to the extent that Plaintiff's requests for relief directed at defendants acting under color of state law are brought pursuant to *Bivens,* they are stricken with prejudice.

However, as a general rule, specifying an incorrect legal theory in a complaint is not fatal. *See Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992); *see also La Porte County Republican Central Comm. v. Board of Comm'rs*, 43 F.3d 1126, 1129 (7th Cir. 1994) (plaintiffs need not plead legal theories). Additionally, substitution of legal theories is permissible unless the adjustment to the original theory surprises the defendant and makes it more costly or difficult for him to defend or the change causes unreasonable delay. *Vidimos, Inc. v. Laser Lab, Ltd.*, 99 F.3d 217, 222 (7th Cir. 1996). Here, the two legal theories are similar. *See King v. Fed Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005) (*Bivens* authorized the "filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers"). Further, in its initial review order of July 1, 2013, the Court found that purusant to 28 U.S.C. § 1915A, Plaintiff was authorized to proceed on his claims of excessive force on arrest against Defendant Bernabei, and Defendant Kelton for subjecting him to medical treatment without his consent. Accordingly, while Plaintiff may not puruse his claims pursuant to *Bivens,* he may pursue his claims against Defendants Bernabei and Kelton pursuant to § 1983.

**Plaintiff has failed to state a claim for conspiracy.**

Defendants next argue that Plaintiff has failed to state a claim for conspiracy. To state a claim for conspiracy under § 1983, a complaint must include plausible allegations of a conspiracy to violate Plaintiff's constitutional rights. *Geinosky v. City of Chicago*, 675 F.3d 743, 749 (7th Cir. 2012). The amended complaint merely makes a conclusory statement that Defendant Kelton drugged Plaintiff under orders from Defendant Bernabei. (see amended complaint, p. 4).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555 (citations omitted). Because Plaintiff merely makes a conclusory statement of conspiracy in his complaint, to the extent he was pursuing such a claim, he has insufficiently pled and the claim is dismissed.

Although the Court has found that Plaintiff has failed to state a conspiracy claim, he may proceed against Defendant Bernabei for excessive force on arrest and against Defendant Kelton for forcibly medicating him. "Due process requires that the nature and duration of physical restraint bear some reasonable relation to the purpose for which it is prescribed." *Wells v. Franzen*, 777 F.2d 1258, 1262 (7th Cir. 1985). This right also encompasses "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper*, 494 U.S. 210, 221-22 (1990). *See also Pantaleo v. Hayes,* 2013 U.S. Dist. LEXIS 135122, *49 (September 20, 2013) (Lefkow, J.) Accordingly, Plaintiff may proceed on the two claims identified by the Court in its initial review order of July 1, 2013.

### Plaintiff may proceed on his allegation that Defendant Bernabei threatened to kill him.

Defendant Bernabei's final argument in his motion seeks an order striking Plaintiff's claim that he threatened to kill Plaintiff. Fed. R. Civ. P. 12(f) states: The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.... on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Defendant notes in his motion that in the Court's order of April 30, 2013, the Court stated that "verbal harrassment and name calling do not violate the constitution." Docket #5, *citing DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). While Defendant has correctly cited the Court's order and *DeWalt*, it is also true that a threat, which is how Plaintiff interpreted the incident, can rise to the level of cruel and unusual punishment. *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009); *citing Irving v. Dormire*, 519 F.3d 441, 445, 449-50 (8th Cir. 2008); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992). "Mental torture is not an oxymoron, and has been held or assumed in a number of prisoner cases to be actionable as cruel and unusual punishment," *Dobbey*, 574 F. 3d at 446; *citing Thomas v. Farley*, 31 F.3d 557, 559 (7th Cir. 1994) (citations omitted).

While *Dobbey* found a claim for threats to murder under the Eighth Amendment in the context of an inmate and correctional officer, the Fourth Amendment would govern the conduct of a police officer on arrest. *Miller v. Lewis*, 381 F. Supp. 2d 773, 783 (N.D. Ill. 2005). The Court finds that at this point in the litigation, on review of sufficiency of pleading in the amended complaint, Plaintiff's allegation that Defendant Bernabei threatened to kill him does not satisfy the reasonableness test under the Fourth Amendment. Accordingly, Plaintiff has stated a claim and the Court declines to strike the allegation from the complaint.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss [#13] is granted in part and denied in part. Plaintiff may proceed on his excessive force claim against Defendant Bernabei, and a claim under the Fourth Amendment for the alleged threat to kill Plaintiff, and against Defendant Kelton for medicating him without consent. Defendants' answer shall be filed by July 25, 2014.

Dated: 6-16-14

Charles R. Norgle
United States District Court Judge