aEE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VERNARD KING (#45211-424), | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 13 C 2745 |
| v. | ) |
| | ) Judge Charles R. Norgle, Sr. |
| DOUGLAS BERNABEI, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Vernard King (hereinafter, "King" or Plaintiff"), an inmate at Lee USP, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. King contends that Defendant Bernabei, Chief of Police for the City of Peru, Illinois, violated his rights by subjecting him to excessive force on arrest, beating him and causing injury to his face. King also alleges that Defendant Bernabei threatened to kill him. King further alleges that Defendant Kelton medicated him against his will on orders from Defendant Bernabei. This matter is before the Court for ruling on Defendant Kelton's motion for summary judgment [52]. For the reasons stated in this order, the motion for summary judgment is granted.

### I.     Summary Judgment Standard

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 (7th Cir. 2014).

Where the moving party demonstrates the absence of a disputed issue of material fact, however, the non-moving party bears the burden of presenting "evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). A genuine issue of material fact exists only if there is evidence "to permit a jury to return a verdict for" the nonmoving party. *Egonmwan v. Cook County Sheriff's Dep't*, 602 F.3d 845, 849 (7th Cir. 2010).

### Local Rule 56.1 (N.D. Ill.)

Defendant Kelton filed statement of uncontested material facts pursuant to Local Rule 56.1 (N.D. Ill.) [54]. Together with his motion for summary judgment, Defendant Kelton included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" [56], as required by Local Rule 56.2. That notice clearly explained the requirements of the Local Rules and warned King that a party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

> (3) a concise response to the movant's statement that shall contain:
>
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the

affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b).

The district court may rigorously enforce compliance with Local Rule 56.1. *See, e.g., Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings.") (*citing Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)). Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006); *see also Koszola v. Bd. of Educ. of the City of Chicago*, 385 F.3d 1104, 1108 (7th Cir. 2004). "We have...repeatedly held that a district court is entitled to expect strict compliance with Rule 56.1." *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809 (7th Cir. 2005).

Despite the admonitions stated above, King's failed to respond to Defendant's L.R. 56.1 statement of facts. A motion for summary judgment "requires the responding party to come forward with the evidence that it has--it is the 'put up or shut up' moment in a lawsuit." *Eberts v. Goderstad*, 569 F.3d 757, 767 (7th Cir. 2009) (citations omitted). As King has failed to do so, Defendant Kelton proposed undisputed facts are deemed admitted. *See Chelios v. Heavener*, 520 F.3d 678, 687 (7th Cir. 2008); L.R. 56.1(b)(3)(B).

King also filed his own statement of additional facts [67] that is equally flawed in that the statements do not comply with L.R. 56.1(b)(3)(C). King's statements 1-5, 7, 9, and 11 are not supported by references to the record. Additionally, statements 2-5, 9, 10, 12, and 13 contain

3

improper legal argument, irrelevant information, or conjecture. As such, they must be disregarded. *See Cady*, 467 F.3d at 1060. "Indeed, it is the function of the Court, with or without a motion to strike, to review carefully both statements of material facts and statements of genuine issues and the headings contained therein and to eliminate from consideration any argument, conclusions, and assertions that are unsupported by the documented evidence of record offered in support of the statement." *Prince v. Chi. Public Sch.*, No. 09-CV-2010, 2011 U.S. Dist. LEXIS 95188, 2011 WL 3755650, at *2 (N.D. Ill. Aug. 25, 2011). To the extent that Plaintiff's statements 6 and 8 are properly asserted statements of fact supported by citations to the record, the Court will consider them in deciding the motion.

King also filed a statement of facts in dispute [68] that is not authorized by L.R. 56.1. To the extent that it represents additional statements of fact under L.R. 56.1(b)(3)(C), the same issues exist as the statements previously discussed. Statements 1-3 and 5-7 are not statements of fact but legal conclusion. As such the Court cannot properly consider them in deciding this motion. *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 644 (7th Cir. 2008). Statement 4 is properly a statement of fact; thus the Court will consider it. The Court is capable of redacting the statements of fact, disregarding all argumentative pleading, interpretation, or analysis of the facts, unfounded assertions of fact found in the statements, and any facts that are not material or are otherwise improper. In sum, the Court will consider any of King's additional statements of fact to the extent that they are material, adequately supported by the record, and not controverted by evidence in the record.

## II. Facts

On August 22, 2012, at approximately 2:49 p.m., King was brought to the emergency department of Illinois Valley Community Hospital ("Hospital") by members of the Peru Police Department. DSOF ¶¶ 1 and 2 and PSOF ¶6. Defendant Kelton was a physician in the Hospital emergency department who provided medical care and treatment to King. DSOF ¶ 3 and PSOF ¶8. At all times relevant, Defendant Kelton was a self-employed, independent contractor affiliated with Peru Emergency Physicians LLP. DSOF ¶ 4.

Defendant Kelton's physician partnership agreement with Peru Emergency Physicians LLP, in effect on August 22, 2012, contains no language stating that Defendant Kelton had a contractual responsibility to provide medical care and treatment to Peru Police Department arrestees, inmates, or detainees. DSOF ¶ 5. At no point in time has Defendant Kelton ever had an employment contract with the Hospital, nor an employment contract with any Illinois state institution. DSOF ¶ 6.

On August 22, 2012, based on King's clinical presentation to the Hospital emergency department, Defendant Kelton ordered the nursing staff to administer 2 mg of Ativan, a sedative, and 5 mg of Haldol, an anti-psychotic, to King. DSOF ¶ 7 and PSDF ¶ 4. Defendant Kelton's decision to order the nursing staff to administer Ativan and Haldol was based on his independent medical judgment and not made at the behest of Defendant Bernabei or any other individual. DSOF ¶¶ 8 and 9. Following administration of the Ativan and Haldol, Defendant Kelton completed his medical care and treatment of King and Plaintiff was discharged from the emergency department into the custody of the Peru Police Department at approximately 4:40 p.m. on August 22, 2012. DSOF ¶¶ 11.

5

III. Discussion

A. Defendant Kelton is not a State actor.

King's complaint alleges that Defendant Kelton violated his rights by medicating him without his consent. The Court found in its order granting in part Defendants' motion to dismiss that King could proceed on this claim, citing *Washington v. Harper*, 494 U.S. 210, 221-22 (1990). *See also Pantaleo v. Hayes*, Case No. 08 C 6419, 2013 U.S. Dist. LEXIS 135122, *49 (September 20, 2013) (Lefkow, J.).1

To state a § 1983 civil rights claim, a plaintiff must sufficiently allege that: (1) a person acting under color of state law, i.e., a state actor (2) deprived him of a right, privilege, or immunity secured by the U.S. Constitution or federal law. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745-46 (7th Cir. 2010). Defendant Kelton argues in his motion for summary judgment that he is not a state actor.

Two situations exist whereby § 1983 defendants may be found to have acted under color of state law. First, "when the state has cloaked the defendants in some degree of authority—normally through employment or some other agency relationship." *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). Second, "when the defendants have conspired or acted in concert with state officials to deprive a person of his civil rights." *Id.* Private physicians may be deemed state actors when they assume the governmental entity's duty to provide medical care to persons within its custody, such as prison inmates, pretrial detainees, and arrestees. *West v. Atkins*, 487 U.S. 42, 54 (1988); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 827 (7th Cir. 2009). ("[W]hen a physician is employed by the state to provide medical services to state

---

1 The Court also allowed Plaintiff to proceed on claims against Defendant Bernabei under the Fourth Amendment for excessive force and for threatening to kill him.

prison inmates, that physician acts under the color of state law for purposes of section 1983."); *see also Ortiz v. City of Chi.*, 656 F.3d 523, 530 (7th Cir. 2011). When a state has a constitutional duty, such as providing adequate medical care for its inmates, the "delegation of that traditionally exclusive public function to a private [party] g[ives] rise to a finding of state action." *West*, 487 U.S. at 55; *Rodriguez*, 577 F.3d at 826.

In *West*, a private physician was considered a state actor when he contracted with the state to attend to the medical needs of its inmates. *West*, 487 U.S. at 55-56. As noted by the Seventh Circuit, the public function analysis must consider "the setting in which the medical care is rendered." *Rodriguez*, 577 F.3d at 826. "For instance, an emergency medical system that has a preexisting obligation to serve all persons who present themselves for emergency treatment hardly can be said to have entered into a specific voluntary undertaking to assume the state's special responsibility to incarcerated persons." *Id.* at 577 F.3d at 827-28, *citing* Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd *et seq*. A hospital's emergency room acceptance of an inmate as a patient "does not mean that it has agreed to step into the shoes of the state and assume the state's responsibility toward these persons." *Rodriguez*, 577 F.3d at 828, *quoting West*, 487 U.S. at 51.

The record in this case does not establish that Defendant Kelton acted under the color of state law or that there was an agreement between the Hospital to provide medical services to arrestees, detainees, or inmates such that state action can be inferred. Defendant Kelton was a self-employed, independent contractor who provided medical treatment to King in the emergency room as he would have been for any patient who came through the door. He treated King based on his independent medical judgment, and not at the direction or in cooperation with

any government actor. After prescribing King Ativan and Haldol, King was discharged from the emergency room.

There is no evidence that Defendant Kelton assumed the government's duty to provide adequate medical care for persons within their custody. The fact that King was in custody at the time he sought emergency room treatment does not render such treatment state action. *Rodriguez*, 577 F.3d at 828. King provides no evidence indicating an agreement by Defendant Kelton to provide medical care to arrestees or pretrial detainees. Without some agreement or relationship by Defendant Kelton to assume the government's medical responsibilities to its arrestees and pretrial detainees, Defendant Kelton's conduct, by itself, cannot be considered state action. The summary judgment evidence thus demonstrates that Defendant Kelton cannot be considered a state actor.

### B. Plaintiff may not pursue any State law claims.

In King's response to Defendant Kelton's motion, he asserts, for the first time, that he believes he is pursuing state law claims of medical battery, medical negligence, and intentional infliction of emotional distress. The Court notes that in the Court's order granting in part Defendants' motion to dismiss [33], the Court authorized King's federal claims, but did not find that King had stated any state law claims. Even assuming that liberally construing King's complaint that it did contain state law claims against Defendant Kelton, these claims fail as well.

To the extent Plaintiff is attempting to pursue a claim of medical negligence, his claim fails. Under Illinois law, a plaintiff who seeks damages for "injuries or death by reason of medical, hospital, or other healing art malpractice" must file an affidavit along with the

complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that a claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the report shall be filed within 90 days of receipt of the records). 735 ILCS 5/2-622(a); *see Boothe v. David*, No. 3:15-cv-00192-NJR, 2015 U.S. Dist. LEXIS 31084, at *10 (S.D. Ill. March 13, 2015). This documentation is required even when the medical negligence claim is filed in federal court. *Boothe*, 2015 U.S. Dist. LEXIS 31084, at *10 (citing *Rusinowski v. Vill. of Hillside*, 835 F. Supp. 2d 641, 652 (N.D. Ill. 2011)).

At the summary judgment stage, Plaintiff also must provide the same 2-622 medical affidavit for a state law claim of medical battery under the facts of this case. *See Pantaleo v. Hayes,* Case No. 08 C 6419, 2013 U.S. Dist. LEXIS 135122 (footnote 16) (N.D.Ill. Sept. 20, 2013) (Lefkow, J.); *citing Aruanno v. Glazman,* 316 F. App'x 194, 195 (3d Cir. 2009) (plaintiff could not survive motion for summary judgment on claim under Eighth Amendment or due process analysis for prescription of antipsychotic drugs "absent expert testimony that would dispute the defendants' assertions that the treatment he received was medically necessary"), *see also Holzrichter v. Yorath*, 987 N.E. 2d 1, 19, 2013 Il App (1st) 110287 (1st. Dist. 2013). Under Illinois law, the absence of a 2-622 health professional's report supporting the allegations of medical battery when there is no substantial variance from the standard of care, requires entry of

summary judgment. *McDonald v. Lipov*, 13 N.E.3d 179, 2014 IL App (2d) 130401 (2nd Dist. 2014); *Schindel v. Albany Medical Corp.*, 625 N.E.2d 114, 252 Ill. App. 3d 389 (1st Dist. 1993); *Bloom v. Guth*, 517 N.E.2d 1154, 164 Ill. App. 3d 475 (1st Dist. 1987). Because King has submitted no such affidavit, any state law claim for medical negligence or medical battery fails.

In his response to the summary judgment motion, King also raises, for the first time, a claim of intentional infliction of emotional distress. To bring a claim for intentional infliction of emotional distress under Illinois law, the plaintiff must establish "extreme and outrageous" conduct, that the defendant intended to "inflict severe emotional distress" or knew that there was "at least a high probability that his conduct will cause severe emotional distress," and that the defendant's conduct did "in fact cause severe emotional distress." *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). Under Illinois law, the tort applies only to acts that are truly outrageous, and which "go beyond all bounds of decency and [are] considered intolerable in a civilized community." *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001). Under the facts established in the record, King has failed to establish that Defendant Kelton's actions were extreme or outrageous or that he intended to inflict severe emotional distress on him. Accordingly, King may not proceed on any of the state law claims he raised in his response, and Defendant Kelton is granted judgment pursuant to Fed. R. Civ. P. 56.

## IV. Conclusion

For the reasons given, Defendant Kelton's motion for summary judgment [52] is granted. Defendant Kelton is dismissed as a Defendant. The Court sets a status hearing for _____ at \_\_\_\_\_ a.m. Defendant Bernabei is ordered to appear to report on the progress the parties have made toward completing discovery.

Date: 2/25/15

Charles R. Norgle, Sr.
United States District Judge

11